UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MATTHEW JOHN MINGOIA, JR.,<br><br>　　　　　Defendant. | Case No. 1:15-cr-00125-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Matthew Mingoia, Jr.'s Motion for Early Termination of Supervised Release. Dkt. 66. Counsel for the Government filed its response objecting to the motion. U.S. Probation does not take a position on the motion.

Having reviewed the record, the Court finds that the defendant has adequately presented the facts and legal arguments in his brief. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court decides the pending motion on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES the Defendant's Motion at this time.

## II. BACKGROUND

On September 14, 2016, Judge Lodge sentenced Mingoia to 84 months incarceration followed by a term of 3 years of supervised release for possession of a

controlled substance with intent to distribute. Dkt. 51. On August 3, 2020, Mingoia filed an Emergency Motion to Reduce Sentence under 18 U.S.C. 3582(c) (Compassionate Release). Dkt. 61. The Court granted Mingoia a compassionate release and he began serving his 3-year term of supervised release on or about October 19, 2020. Dkt. 65. Mingoia has now requested that the Court terminate his supervised release.

### III. DISCUSSION

Section 3583(e)(1) "provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release after the defendant has served one year, 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.' " *Id.* (quoting 18 U.S.C. § 3583(e)(1)). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.* (quoting 18 U.S.C. § 3583(e)(1)). *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022). …"[g]*enerally*, early termination of supervised release under § 3583(e)(1)" will be proper "only when the sentencing judge is satisfied that new or unforeseen circumstances" warrant it. *Davies*, 746 F. App'x at 89 (emphasis added) (internal quotation marks omitted). That is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release. But we disavow any suggestion that new or unforeseen circumstances must be shown. *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020).

MEMORANDUM DECISION AND ORDER - 2

Turning to the factors the Court must consider under 18 U.S.C. § 3553(a)[1], Mingoia plead guilty to possession of a controlled substance with intent to distribute. The sentencing guideline in this case was enhanced because Mingoia had three prior distribution charges and was deemed a career offender. During his time at the Bureau of Prisons, Mingoia completed his GED and numerous other courses. Ultimately, because of the Covid-19 pandemic, Mingoia petitioned and was granted a compassionate release. Serving a little over half of his 84-month sentence.[2] It is the need for deterrence and protection of the public that the Court turns to. Mingoia originally faced a sentencing guideline range of 151 to 188 months, but because of the small quantity of methamphetamine and a 5K1.1 Motion, the sentence was much lower than that. But for the Covid-19 factors and compassionate release, Mingoia likely would have served the 84-month sentence.

## IV. CONCLUSSION

It is commendable that Mingoia is living a stable, prosocial and productive life. These are all things the Court expects. The Court also recognizes that Mingoia is no longer subject to drug testing. However, on January 25, 2023, U.S. Probation filed a Petition to Modify Conditions of Supervised Release. Probation stated that the Defendant recently had a "hiccup" and is now subject to a protection order. U.S. Probation then referred the

---

[1] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

[2] Mingoia served 47 months prior to being released.

Defendant for mental health services. Given all these factors, the deterrence of having probation's thumb on him is still a useful tool to have and the Court does not want to eliminate that fact.

## V. ORDER

IT IS HEREBY ORDERED that Defendant Matthew Mingoia's Motion for Early Termination (Dkt. 67) is DENIED.

DATED: May 12, 2023

David C. Nye
Chief U.S. District Court Judge